## MARLIN FIREARMS CO. v. SPARKS.

### (Circuit Court, D. Connecticut. November 29, 1905.)

### No. 1,197.

PATENTS—INFRINGEMENT—MAGAZINE GUNS.

The Hepburn patent, No. 584,177, for a magazine gun, construed on motion for a preliminary injunction, and *held* infringed as to claims 1, 2, 3, 4, 7, and 8.

In Equity. Suit for infringement of letters patent No. 584,177, for a magazine gun, granted to Hepburn June 8, 1897. On motion for preliminary injunction.

R. C. Mitchell, for complainant.
Milton A. Robinson, for defendant.

PLATT, District Judge. The independent side plate feature of the complainant's gun, made under Hepburn's patent, No. 584,177, presents, as I have found in the Dinnan Case (C. C.) 139 Fed. 659, the real advance in the art which the patentee disclosed. That feature makes it indispensable that tenons, or their equivalents, sufficiently separated to prevent vertical displacement, shall appear on each plate. How this shall be done is immaterial. That it must be done is a subordinate part of the invention. The tenon and recess at one end of both complainant's and defendant's guns in the Dinnan Case are identical. It was pointed out incidentally, in the opinion filed in that case, how the tenon function at the other end was performed. It now appears, from an examination of the Sparks gun exhibit, that the real defendants, while retaining the Chinese copy of complainant's tenon and recess at one end, have contented themselves, in their effort to escape the decree, with eliminating the particular means suggested in the Dinnan suit as having been employed at the other end; but the examination further shows that the tenon-like function at the disputed end still exists, because vertical displacement is still prevented. It is now clear that the binding screw performs the tenon function at that end, and upon analysis, the Sparks gun infringes the letter as well as the spirit of the first four claims.

It is not strictly true to say that defendant has transferred the tenon function from one part to another. On the contrary, it now appears that in the Dinnan suit defendant had a multiplicity of devices which performed the tenon function. Assurance was more assured than court or counsel dreamed when the cause was at issue. Now, so far as can be seen, defendant has taken away all devices performing tenon functions except the binding screw, and, by continuing that screw in the discharge of its former way of operating, has retained the function whereby its body, supported by the shoulders of the corresponding recess through which it passes, is effectual to prevent vertical displacement. Without passing the binding screw into its last position it fairly performs its tenon-like function. After having been completely set, the function is fully performed, and lateral separation of the parts is also prevented. That the binding screw performs these two functions does

not mitigate the infringement. The real defendants may have impaired the efficiency of the defendant's gun, but, since the binding screw still serves to prevent vertical displacement, it is just as certainly an infringement of the Hepburn patent.

Claims 7 and 8 stand as they did in the Dinnan Case. All that defendant has presented here was in the nature of a reargument of the Dinnan suit. I am still of the opinion that defendant's gun in each suit infringes those claims. The matter is fairly before me, and it would be a shirking of responsibility if I were to offer the peculiar conditions existing in this suit as an excuse for avoiding the ultimate conclusion to which one must arrive who accepts the premises laid down in the Dinnan Case. Complainant's Exhibit, defendant's gun, is, under the construction given the Hepburn patent by this court, just as plainly an infringement as was defendant's gun in the Dinnan Case.

Let a decree issue in accordance with this opinion.